IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-262-BO

| | | |
|---|---|---|
| JOSEPH DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| STEPHEN NARRON, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment against defendant Stephen Narron. [DE 11]. Plaintiff's motion is GRANTED.

## BACKGROUND

Defendant failed to appear in this action after personal service of the complaint and summons were made on him on July 18, 2019. Clerk's default pursuant to Rule 55(a) was entered against defendant on September 19, 2019. Fed. R. Civ. P. 55(a). Plaintiff now seeks entry of default judgment against defendant.

## DISCUSSION

Plaintiff seeks entry of default judgment under Federal Rule of Civil Procedure 55(b). Plaintiff has established that defendant is neither a minor nor incompetent and is not in military service. After the entry of default, the well-pleaded factual allegations in plaintiff's complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id.*

Plaintiff alleges the following. Defendant operates a commercial electric company engaged primarily in the construction, installation, and wiring of lighting for commercial buildings. DE 1, ¶ 20. Plaintiff was hired by defendant in 2006 as a general laborer and was eventually promoted to foreman. *Id.* ¶ 21. Plaintiff's regular rate was $26/hour. *Id.* ¶ 22. Defendant would often "short" plaintiff—or fail to pay him all the time worked and would not compensate him a rate of time-and-one-half hours worked over forty in a week. *Id.* ¶ 23.

Defendant required plaintiff to arrive at defendant's workshop prior to the start of his shift so that plaintiff could load equipment, tools, and/or material. *Id.* ¶ 24. Plaintiff was also responsible for picking up and dropping off any other employee of defendant who needed a ride to the jobsite. *Id.* Regardless of the location of the worksite, plaintiff was required to be at the project by 7:00 a.m. *Id.* As the worksites were located throughout North Carolina and parts of South Carolina and Virginia, plaintiff typically began loading equipment or picking up employees by 6:00 a.m. every morning before each shift. *Id.* At the end of the day, plaintiff was responsible for returning equipment to defendant's workshop and dropping off any other employees as needed. *Id.* Based on the additional time plaintiff spent engaged in pre-shift and post-shift activities, such activities added an additional 3 hours per shift to his workday. *Id.* ¶ 25. Defendant required plaintiff to submit timesheets each week, but the timesheets only reflected plaintiff's scheduled shift hours, as determine by the defendant. *Id.* ¶ 30. Plaintiff's timesheets did not reflect the time spent performing work duties, prior to his start time and following the end of his shift. *Id.*

Plaintiff regularly voiced concerns regarding defendant's pay practices. *Id.* ¶ 32. When plaintiff complained to defendant about not receiving compensation for all hours worked at the proper rate, defendant responded that plaintiff "will have to do it this way or have no job," and that defendant would rather file for bankruptcy than pay plaintiff properly. *Id.* When plaintiff refused

to work overtime hours without pay, defendant reduced plaintiff's regularly scheduled hours. *Id.* ¶ 33. These allegations are deemed admitted.

The well pleaded allegations in plaintiff's complaint support the finding that defendant willfully violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201, *et seq.* "The FLSA provides that employers shall pay employees a minimum hourly wage for all hours worked." *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 363 (4th Cir. 2011) (internal quotations omitted). "Under the continuous workday rule, the compensable workday begins with the first principal activity of a job and ends with the employee's last principal activity." *Id.* (internal quotation omitted). Under the Portal–to–Portal Act of 1947, 29 U.S.C. §§ 251–62, which amended the FLSA, employers were relieved of the duty to compensate for work that was preliminary or postliminary to the principal activities. *Id.* These preliminary and postliminary carve-outs, however, did not include activities that were "integral or indispensable" to the job. *Id.*

Here, the well pleaded factual allegations describe a situation in which plaintiff was required to transport other employees, pick-up and drop-off equipment/materials, and generally perform tasks indispensable to the job of general laborer/foreman of a commercial electric company—and was not paid for this work.

The FLSA's two-year statute of limitations is extended to three years for "willful" violations. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). Willfulness means that the employer either knew or showed reckless disregard to whether its conduct was prohibited by the FLSA. *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011). Here, plaintiff's allegations show that defendant went as far as to say that he would rather go bankrupt than compensate plaintiff properly. Taken as true, this clearly demonstrates willfulness.

As plaintiff has established that defendant is liable for unpaid amounts under the FLSA, the Court finds that an award of damages is proper. In January 2019, before filing this lawsuit, plaintiff sent defendant a demand letter outlining his allegations. The parties engaged in settlement negotiations, which subsequently broke down. As part of those negotiations, they signed a "Tolling Agreement." While the agreement is not binding on the Court, the Court will toll the three-year statute of limitations starting from the time of the demand letter. There is a strong public interest in encouraging settlement, and equitable tolling encourages parties to settle out-of-court instead of hastily suing in order to satisfy the statute of limitations.

Plaintiff has submitted, along with an affidavit, a Calculation of Damages, going back to January 2016. Consistent with plaintiff's sworn calculations, the Court awards plaintiff $126,274 for earned, but unpaid wages. The Court also awards plaintiff $126,274 in liquidated damages in accordance with the FLSA. 29 U.S.C § 216. Finally, the Court awards the calculated $16,407.30 in attorneys fees. The Court does not award the plaintiff any pre-judgment interest because the FLSA's liquidated damages provision already serves to compensate plaintiff for delay in receiving wages owed to him.

## CONCLUSION

The motion for entry of default judgment and damages against defendant Stephen Narron [DE 11] is GRANTED. Default judgment against defendant Stephen Narron is hereby entered in the amount of $126,274 as actual damages and $126,274 as liquidated damages. The Court awards attorney's fees in the amount of $16,407.30. The clerk is DIRECTED to close this case.

SO ORDERED, this __15__ day of December, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE